**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

*By e-mail and ECF*

Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

February 5, 2021

> The order at sentencing, ordering Defendant to pay an immediate cash amount of $10,000 as part of his obligation to make restitution, is vacated because of defendant's inability to pay.
> So ordered
> /s/ Hon. Alvin K. Hellerstein
> Feb. 8. 2021

Re:   *United States v. David Wagner*, 19 Cr. 437 (AKH)

Dear Judge Hellerstein:

At sentencing in this matter, the Court deferred the imposition of an order of restitution to allow the parties to resolve certain outstanding issues. I write for two reasons: first, on behalf of the parties, to provide the Court with a proposed order of restitution in the amount of $7,800,000. Second, to respectfully request that the Court reconsider its decision to require Mr. Wagner to pay $10,000 in advance of his reporting date. If the Court includes that requirement, I respectfully object because Mr. Wagner does not have the financial resources to make such a payment. *See* Pre-Sentence Report at ¶¶ 152 - 159; 18 U.S.C. § 3664(f)(2) (court shall consider financial resources, projected earnings, and financial obligations when determining payment schedule).

At sentencing, the Court explained its rationale for seeking advance payment: "I'm interested in elevating the victims above general creditors, the marginal creditors, but there are also other general creditors. And the only way I could do that, because it can't be done in bankruptcy, is fixing an amount of restitution. I will go down to $10,000, and it will be payable before his reporting date." *See* Sentencing Transcript p. 27 (Jan 11, 2021).

I recognize the Court's interest in fashioning the schedule as it did, but Mr. Wagner is not in a position to make such a payment before his incarceration begins, and imposing such a requirement where a person cannot meet it is improper. *See* 18 U.S.C. § 3664(f)(2). Moreover, I can represent that each of the victims in this case are creditors in Mr. Wagner's bankruptcy, and make up the vast majority of the creditor body.

Honorable Alvin K. Hellerstein  Page 2
February 5, 2021

Re:     *United States v. David Wagner*, 19 Cr. 437 (AKH)

      Accordingly, I respectfully request that the Court order restitution as set forth in the proposed order, with a payment schedule that will start on the 30th day after supervised release begins, and which will require Mr. Wagner to make monthly payments of 10 percent of his net income. *See* Transcript, p. 27.

      Thank you for your consideration of this request,

                                    Respectfully submitted,

                                    /s/
                                  Martin S. Cohen
                                  Ass't Federal Defender
                                  Tel.: (212) 417-8737

cc:     Jilan Kamal and Sagar Ravi, Esqs., by e-mail and ECF
       Mr. David Wagner, by e-mail